**Epifanio Gregorio GERMAN,**
**Petitioner**

v.

**ATTORNEY GENERAL OF**
**the UNITED STATES,**
**Respondent.**

No. 12–3306.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 23, 2013.

Opinion filed: Jan. 30, 2013.

Epifanio Gregorio German, Newark, NJ,
pro se.

Sheri R. Glaser, Esq., Eric H. Holder,
Jr., Esq., Thomas W. Hussey, Esq., Justin
R. Markel, Esq., United States Depart-
ment of Justice, Office of Immigration Lit-
igation, Washington, DC, for Respondent.

Before: SCIRICA, JORDAN and
GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Epifanio Gregorio German petitions for
review of his final order of removal. We
will deny the petition.

I.

German is a citizen of the Dominican
Republic and a lawful permanent resident
of the United States. In 2001, he pleaded
guilty to New Jersey state charges of pos-
sessing with the intent to distribute co-
caine and heroin in violation of N.J. Stat.
Ann. § 2C:35–5(a)(1). The Government
charged him as removable for having been
convicted of an aggravated felony and a
controlled substance offense. *See* 8 U.S.C.
§§ 1227(a)(2)(A)(iii) & (a)(2)(B)(i).
Through counsel, German conceded both
charges and applied for cancellation of re-
moval. He also notified the Immigration
Judge ("IJ") that he was seeking post-
conviction relief from his convictions under
*Padilla v. Kentucky,* 559 U.S. 356, 130
S.Ct. 1473, 176 L.Ed.2d 284 (2010). The
IJ granted him four continuances for that
reason and others before holding his mer-
its hearing. German requested another
continuance pending a hearing in his post-
conviction matter, but the IJ denied it
because she had granted several already
and the outcome of German's collateral
proceeding remained speculative. The IJ
also sustained the charges of removability
on the basis of both German's concession
and the record of conviction. The IJ de-
nied German's application for cancellation
of removal because his conviction of an
aggravated felony renders him ineligible
for that relief. *See* 8 U.S.C. § 1229b(a)(3).

German appealed through the same
counsel to the Board of Immigration Ap-
peals ("BIA"). Despite having conceded
the aggravated felony charge before the
IJ, German argued on appeal that his con-
victions do not qualify. He also challenged
the IJ's denial of an additional continuance
and raised a due process claim based on
the circumstances of his underlying crimi-
nal case and on equitable considerations.
The BIA rejected German's challenge to
the aggravated felony charge on the
grounds that his concession of that charge
before the IJ is controlling in the absence
of circumstances not presented here and

that it does not consider arguments raised for the first time on appeal. The BIA also concluded that the IJ had not abused her discretion in denying an additional continuance or otherwise deprived German of due process. German petitions for review pro se.[1]

## II.

German raises three arguments on review, but each lacks merit. First, he argues that he was deprived of due process because, although he did not plead guilty to the crime of conspiracy under N.J. Stat. Ann. § 2C:5–2, a conspiracy charge was included in his notice to appear and improperly formed the basis for his removal. This argument is frivolous because German was neither charged with removability nor ordered removed on the basis of any conspiracy conviction. (A.R.180.)

Second, German argues that his crimes of conviction do not qualify as aggravated felonies for a number of reasons. (He would remain removable for having been convicted of a controlled substance offense, but it is his conviction of an aggravated felony that renders him ineligible for cancellation of removal.) As German did before the BIA, however, he fails to acknowledge that he expressly conceded the aggravated felony charge before the IJ. (A.R.102.) He also fails to acknowledge that the BIA deemed that concession controlling, and he thus has not challenged the actual basis for the BIA's decision. Even if we were to overlook these obstacles, however, German's convictions of possession with the intent to distribute co-caine and heroin clearly qualify as "illicit trafficking" aggravated felonies under the hypothetical federal felony approach. *Cf. Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir.2003) (holding that 21 U.S.C. § 841(a)(1) "proscribes the identical conduct" of possession with intent to distribute under N.J. Stat. Ann. § 2C:35–5 but applying an exception relating to marijuana that does not apply here).

Finally, German argues that the IJ abused her discretion in denying his fourth request for a continuance. As the Government argues, we lack jurisdiction to review that discretionary decision because it does not present a constitutional claim or question of law. *See Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir.2010). German does not argue that the denial of another continuance deprived him of due process, and it did not because his convictions remain final for immigration purposes despite the pendency of his collateral attack, which he does not claim has been successful. *See Paredes v. Att'y Gen.*, 528 F.3d 196, 198–99 (3d Cir.2008).

For these reasons, we will deny his petition for review.

---

1. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Our jurisdiction is limited to constitutional claims and questions of law because German has been convicted of a controlled substance offense (which he does not dispute) and an aggravated felony as discussed below. *See* 8 U.S.C. § 1252(a)(2)(C), (D). We review such claims and questions de novo. *See Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir.2012).